IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

| | |
|---|---|
| THOMAS A. WILLIAMS,        ) | |
| ) | |
| Petitioner,    ) | |
| v.        ) | Civil Action No. 1:18-00363 |
| ) | |
| WARDEN, FPC McDowell,    ) | |
| ) | |
| Respondent.    ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody and Memorandum in Support.[1] (Document Nos. 1 and 2.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be dismissed.

**FACT AND PROCEDURE**

A.   **Criminal Action No. 6:12-cr-0004:**

On May 8, 2012, Petitioner pled guilty in the Western District of Virginia to one count of possession with intent to distribute a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C §§ 841(a)(1) and (b)(1)(C) (Count Three). United States v. Williams, Case No. 6:12-cr-0004 (W.D.Va. Sep. 4, 2012), Document Nos. 25 - 27. The District

---

[1]   Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Court determined Petitioner was a career offender under U.S.S.G. § 4B1.1.[2] On August 31, 2012, the District Court sentenced Petitioner to a 151-month term of imprisonment, to be followed by a three-year term of supervised release. Id., Document Nos. 37 and 40. The District Court also imposed a $100 special assessment and a $500 fine. Id. Petitioner did not file a direct appeal.

On November 5, 2014, Petitioner, acting *pro se*, filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendment 782. Id., Document No. 54. By Order filed on April 7, 2015, the District Court denied Petitioner's Motion to Reduce Sentence. Id., Document No. 58.

On January 13, 2020, Petitioner, acting *pro se*, filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) based upon the First Step Act of 2018. Id., Document No. 54. By Order entered on February 7, 2020, the District Court denied Petitioner's Motion after determining Petitioner did not commit a "covered offense" that would entitle him to a reduction under the First Step Act. Id., Document No. 67. On February 19, 2020, Petitioner filed his second Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) based upon the First Step Act of 2018. Id., Document No. 68. By Order entered on May 18, 2020, the District Court denied Petitioner's Motion after determining it was identical to Petitioner's prior Motion. Id., Document No. 69.

**B.    Section 2255 Motion:**

On August 9, 2013, Petitioner, acting *pro se*, filed in the Western District of Virginia his

---

[2] The District Court determined Petitioner was a career offender "based on his two prior convictions in the Roanoke City Circuit Court in 2004 for (1) possessing with intent to distribute cocaine and (2) distributing more than ½ ounce but not more than 5 pounds of marijuana, for which he received sentences of 5 years (with 4 ½ years suspended) and 2 years (all suspended), respectively." Petitioner had total offense level of 29 and a criminal history category of IV, subjecting him to a sentencing range of 151 to 188 months. *Williams*, Case No. 6:12-cr-0004, Document No. 55, p. 2.

Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Id., Document No. 44. In support of his Section 2255 Motion, Petitioner argued that he was denied effective assistance of counsel. Id. Petitioner explained he was improperly classified as a career offender under U.S.S.G. § 4B1.1. Id. Petitioner claimed that his predicate offense was a Virginia conviction and his sentence of less than one year was suspended. Id. Thus, Petitioner asserted that he was improperly classified as a career offender. Id. Petitioner further argued that counsel was ineffective in failing to thoroughly explain the Sentencing Guidelines to Petitioner and his potential sentencing exposure. Id. On October 3, 2013, the United States filed its Motion to Dismiss. Id., Document No. 52. By Memorandum Opinion and Order entered on December 12, 2014, the District Court granted the United States' Motion to Dismiss and dismissed Petitioner's Section 2255 Motion. Id., Document Nos. 55 and 56. Petitioner did not file an appeal.

C. **Second Section 2255 Motion:**

On February 20, 2018, Petitioner, acting *pro se*, filed in the Western District of Virginia his Second Section 2255 Motion. Id., Document No. 60. As grounds for relief, Petitioner challenged the validity of his career offender enhancement under U.S.S.G. § 4B1.1. Id. Citing Mathis v. United States, 136 S.Ct. 2243 (2016), Petitioner argued that his two prior Virginia drug convictions no longer qualified as predicate offenses for purposes of enhancing his sentence. Id. By Memorandum Opinion and Order entered on February 22, 2018, the District Court dismissed Petitioner's Section 2255 Motion as successive. Id., Document Nos. 62 and 63. Petitioner did not file an appeal.

D. **Instant Section 2241 Petition:**

On February 28, 2018, Petitioner, acting *pro se*, filed his instant Section 2241 Petition

and Memorandum in Support.[3] (Civil Action No. 1:18-00363, Document Nos. 1 and 2.) Petitioner argues that "[i]n light of Mathis v. United States, 136 S.Ct. 2243, 2248 (2016), Petitioner was improperly sentenced as a career offender because the prior drug convictions used as predicates are not 'controlled substance offenses.'" (Id.) Specifically, Petitioner claims that his "prior Virginia drug convictions for possession with intent to distribute cocaine (2004) and distribution of more than one-half ounce but not more than 5 pounds of marijuana (2004) cannot be used as predicates to enhance Petitioner's sentence as a career offender." (Id.) Petitioner argues he can satisfy the requirements of the "savings clause" because the Mathis decision is retroactive and was entered on June 23, 2016, subsequent to his first Section 2255 Motion. (Id.) Therefore, Petitioner "requests that his sentence on Count 3 of the Indictment be vacated and a new sentence be imposed without the career offender designation." (Id.)

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or

---

[3] A Section 2241 petition for *habeas corpus* must be filed "in the district in which the prisoner is confined." *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). In the instant case, Petitioner filed his Section 2241 Petition while incarcerated at FPC McDowell, located in Welch, West Virginia. FPC McDowell lies within the Southern District of West Virginia. While Petitioner's Petition was pending before this Court, he was transferred by the BOP to Raleigh RRM, which is located in the Eastern District of North Carolina. The Fourth Circuit has stated that "[j]urisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions does not defeat personal jurisdiction." *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994)(*citing Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990)); *also see Chaney v. O'Brien*, 2007 WL 1189641 at * 1 (W.D.Va. 2007)(finding that jurisdiction over petitioner was determined at the time the action was filed, not based on petitioner's subsequent transfer to Illinois during pendency of his Section 2241 Petition); *Martin v. United States*, 2006 WL 231485 (N.D.W.Va. Jan. 31, 2006)(stating that "once properly filed . . . a prisoner's subsequent transfer does not necessarily destroy jurisdiction in the district where the prisoner was incarcerated at the time the habeas petition was filed"). The undersigned therefore finds that since Petitioner's Petition was properly filed in the Southern District of West Virginia, this Court has authority to consider Petitioner's Petition based on the merits notwithstanding his transfer to prison outside this District.

treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the

validity of his sentence as imposed by the Western District of Virginia. Specifically, Petitioner contends that his sentence is now invalid in light of Mathis. Citing Mathis, Petitioner argues that his prior convictions no longer qualify as a predicate offenses for purposes of designating him as a career offender under the Sentencing Guidelines. Thus, Petitioner requests that his sentence be vacated. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Western District of Virginia. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit

Court of Appeals.[4]

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young

---

[4] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not sought or obtained authorization from the Fourth Circuit based upon the foregoing claim.

v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. In a panel opinion, the Fourth Circuit recently extended the application of the savings clause to sentencing challenges. United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of sentencing challenges, the Wheeler Court established a new savings clause test stating that Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect."[5] Id. at 429. The Wheeler

---

[5] In *Wheeler*, the United States filed a petition for rehearing en banc and the Fourth Circuit stayed the mandate pending a ruling on that motion. By Order entered on June 11, 2018, the Fourth Circuit denied the petition for rehearing en banc. *United States v. Wheeler*, 734 Fed.Appx. 892 (4th Cir. 2018); *United States v. Wheeler*, No. 16-6073, Document No. 60. In denying the petition, Circuit Judge Agee explained as follows:

> The issues in this case are of significant national importance and are best considered by the Supreme Court at the earliest possible date in order to resolve an existing circuit split that the panel decision broadens even farther. Because of the potential that the case may become moot if Wheeler is released from incarceration in October 2019, as projected, I have not request a poll of the Court

Court, however, clarified that "there is no doubt that *Jones* is still good law in this circuit." Id. at 427.

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner cannot establish a retroactive change in substantive law such that Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. Petitioner's reliance upon Mathis[6] is misplaced. The Fourth Circuit has determined that Mathis does not apply retroactively on collateral review. See Cox v. Wilson, 2018 WL 4961210, * 1 (4th Cir. 2018)(affirming district court's order declining to reopen petitioner's Section 2241 petition based on *Wheeler* because *Mathis* did not announce a new retroactively applicable rule); Copeland v. Kassell, 733 Fed.Appx. 717 (4th Cir. 2018)(finding that petitioner failed to satisfy the "test in *Wheeler*, because *Mathis* has not been deemed to apply retroactively on collateral review."); Walker v. Kassell, 726 Fed.Appx. 191, 192 (4th Cir. 2018)(stating that *Mathis* "has not

---

upon the petition for rehearing en banc in order to expedite the path for the Government to petition for certiorari to the Supreme Court.

*Id.* The United States filed a Motion to Stay Mandate on June 13, 2018, Wheeler filed his Response in Opposition on June 14, 2018 and the United States filed its Reply on June 18, 2018. *Id.*, Document Nos. 61, 63 and 65. By Order entered on June 18, 2018, the Fourth Circuit denied the United States' Motion to Stay Mandate. *Id.*, Document No. 66. The Fourth Circuit issued its Mandate on June 26, 2018. *Id.*, Document No. 67. A petition for writ of certiorari was filed on October 3, 2018. *United States v. Wheeler*, Case No. 18-00420. The United States Supreme Court denied the petition for writ of certiorari on March 18, 2019. *United States v. Wheeler*, 139 S.Ct. 1318 (2019).

[6] In *Mathis v. United States*, ___ U.S. ___, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), the Supreme Court clarified the proper application of the categorical and modified categorical approaches used in determining whether prior crimes could be considered as predicate offenses for sentencing enhancements under the Armed Career Criminal Act ["ACCA"]. Specifically, the Supreme Court determined that a state crime does not qualify as a predicate offense "if its elements are broader than those of a listed generic offense." *Id.* In *Descamps v. United States*, ___U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), the United States Supreme Court held that to determine whether a past conviction is a "violent felony" within the meaning of the ACCA, courts should use the categorical approach if the state statute is "indivisible."

been held retroactively applicable on collateral review, so [petitioner] may not proceed under § 2241"); also see Hatcher v. United States, 2017 WL 4445978, * 3 (S.D.W.Va. Oct. 5, 2017)(J. Johnston)(stating that "this Court joins numerous others in finding that *Mathis* did not announce a new rule of constitutional law that has been made retroactive on collateral review"). Therefore, Petitioner cannot satisfy the second requirement of the Wheeler test. See Melancon v. Saad, 2018 WL 3653290, * 5 (N.D.W.Va. July 9, 2018)(dismissing 2241 petition where petitioner challenged the validity of his sentence based upon *Mathis* and *Descamps*). Finally, as stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Section 2241 Petition (Document No. 1) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is

made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: October 6, 2020.

Omar J. Aboulhosn
United States Magistrate Judge